UNITED STATES, Appellee

v

HOWARD M. WILSON, Private U. S. Army, Appellant

No. 26,620

July 27, 1973

*Major Gilbert J. Weller* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Lieutenant Colonel Edward S. Adamkewicz, Jr.*

*Lieutenant Colonel Ronald M. Holdaway* argued the cause for Appellee, United States. With him on the brief were *Major Thomas P. Burns, III, Captain Merle F. Wilberding,* and *Captain David A. Schlueter.*

## OPINION OF THE COURT

Darden, Chief Judge:

A general court-martial was convened by the Commanding General, U. S. Army Element, I Corps (ROK/US) Group at Camp Casey, Korea, to try the accused upon a charge of disrespect to Major General Jeffrey G. Smith, Commanding General, 2d Infantry Division. The question before us is whether the Commanding General, U. S. Army Element, I Corps (ROK/US) Group had the authority to convene a general court-martial.

I Corps (ROK/US) Group is an allied military formation, consisting of a mixed staff of American and Korean officers and of American and Korean units. The American units include 2d Infantry Division, I Corps Special Troops, 51st Signal Battalion (Corps), and various support organizations. The Korean units include the VI ROK Corps, 2d ROK Marine Brigade, 2d ROK Armor Brigade, five ROK infantry divisions, and a number of smaller Korean units. Lieutenant General Glenn D. Walker was the Commanding General, I Corps (ROK/US) Group and also commanded the U. S. Army Element I Corps (ROK/US) Group, which consisted of all United States personnel and units assigned to the overall organization.

Since he was the accuser and the accused was a member of a 2d Infantry Division unit, Major General Smith forwarded the charges to Lieutenant General Walker for disposition.[1] In his capacity as commander of the U. S. Army Element, I Corps (ROK/US) Group, Lieutenant General Walker ordered the charges tried by a general court-martial.

The U. S. Army Court of Military Review found that Lieutenant General

---

[1] Article 22(b), Uniform Code of Military Justice, 10 USC § 822(b), provides:
If any such commanding officer [exercising general court-martial jurisdiction] is an accuser, the court shall be convened by superior competent authority, and may in any case be convened by such authority if considered desirable by him.

Walker had the authority to convene a general court-martial either because he commanded an Army Corps or because his organization was the functional equivalent of an Army Corps.[2] Appellate defense counsel attack the court's conclusion, contending that U. S. Army Element, I Corps (ROK/US) Group consists of little more than a "slightly reinforced division" and cannot be classified as either an Army Corps or a corresponding unit. We disagree.

An Army Corps has been defined as:

An organization larger than a division and smaller than a field army; usually consists of two or more divisions together with supporting arms and services.

. . . . .

A tactical unit larger than a division and smaller than a field army. A corps consists of two or more divisions together with auxiliary arms and services.

Army Regulation 310-25, June 1, 1972.

[A] tactical unit usu. consisting of two or more divisions and auxiliary arms and services.

Webster's Third New International Dictionary, 1963, Unabridged edition, at 510.

The fundamental defense contention is that U. S. Army Element, I Corps (ROK/USA) Group cannot be considered as an Army Corps since it did not contain two divisions. But none of the definitions of an Army Corps inflexibly requires the assignment of two divisions to a corps. Moreover, the purpose of the drafters of Article 22 was to provide flexibility in conferring general court-martial jurisdiction not only on brigades, divisions, corps, armies, and army groups but also on "corresponding units." Hearings Before House Armed Services Committee on HR 2498, 81st Cong, 1st Sess 1132 (1949).

Essentially, U. S. Army Element I Corps (ROK/USA) Group, consists of the American troops assigned to I Corps prior to the creation of I Corps (ROK/USA) Group as a larger command by the addition of a larger number of Korean units. The headquarters was formed to dispose of any unilateral American problems that might arise.[3] The commander's position retained the rank of lieutenant general, equivalent to that of any other Army Corps commander. Although the organization's assigned troops consisted of one American division, a corps signal battalion, corps special troops, and other units, the organization constituted the United States element of a combined United States-Korean Corps group. As such, it was an "Army Corps . . . or corresponding unit" within the meaning of Article 22 and its commanding general possessed general court-martial jurisdiction.

The decision of the United States Army Court of Military Review is affirmed.

Judge QUINN and Judge DUNCAN concur.

---

[2] Article 22, UCMJ, 10 USC § 822, provides that:

(a) General courts-martial may be convened by—

. . . . .

(3) the commanding officer of a Territorial Department, an Army Group, an Army, an Army Corps, a division, a separate brigade, or a corresponding unit of the Army or Marine Corps.

[3] Table of Distribution and Allowances Number P8W3JAGAA01, Headquarters Department of the Army, May 16, 1972, describes the mission of U. S. Army Element I Corps (ROK/US) as follows:

5. MISSION.

a. Operate a combined ROK/US Corps Headquarters capable of conducting tactical operations.

b. Command all assigned Corps troops.

c. Command all assigned and attached elements when operating separately.

d. Provide command, staff planning, control and supervision of operations of a combined ROK/US Corps.